# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**STEARNS BANK NATIONAL**  PLAINTIFF

V.  CIVIL ACTION NO.: 4:06CV209-SA-DS

**MILTON T. PERSON, III, an Individual;**
**THE PROVIDENCE GROUP, INC., a**
Mississippi Corporation; **THE**
**PROVIDENCE INVESTMENT**
**CORPORATION, a Mississippi**
Corporation  DEFENDANTS

## MEMORANDUM OPINION ON SUMMARY JUDGMENT

This cause is before the Court on Plaintiff's Motion for Summary Judgment against Defendant Providence Investment Corporation. From its review of all matters made a part of the record, as well as applicable law, and being thus fully advised in the premises, the Court finds that the motion should be GRANTED in part, and DENIED in part. The Court specifically finds as follows:

### I. Factual and Procedural Background

The following summary of the underlying facts is taken from the Plaintiff's Memorandum in Support of Motion for Summary. Providence Investment Corporation does not formally dispute these facts.

On March 3, 2005, Providence Group executed and delivered to Stearns Bank an unsecured promissory note (the "Loan") for the principal sum of $250,000 with variable interest on the principal balance at the initial rate of 6.480 percent per annum. The purpose of the Loan was to provide Providence Group with certain funds, such that it could apply for Section 42 tax credits for various low income housing and apartment construction projects across the country. By guaranty

agreements ("Guarantees"), dated March 3, 2005, Providence Investment and Person, guaranteed the payment of all indebtedness of Providence Group under the Loan.

According to the agreement terms, the Guarantees are absolute and unconditional and remain in full force for as long as the Loan remains unpaid. Further, the Guarantees are jointly and severally enforceable against each of the Guarantors. The Loan matured on August 15, 2006, and at that time became payable in full, including all outstanding principal plus all accrued unpaid interest. Providence Group, despite demand, has failed to pay the amounts due and owing under the Loan. The Guarantors have also failed to pay the amounts due and owing under the Loan.

Plaintiff Stearns filed its Complaint in this matter on December 19, 2006. The Defendants filed a joint Answer on January 8, 2007. By their Answer, Defendants raised the following defenses:

(1) the Complaint failed to state a claim;

(2) Stearns Bank is barred from recovery against them by the doctrine of waiver, estoppel, and laches; and

(3) the statute of frauds and the parol evidence rule were invoked.

A telephonic case management conference was held with counsel for the parties on April 10, 2007. After conferring with counsel, it appeared this matter could be disposed of by a motion for summary judgment. On April 10, 2007, Stearns Bank was ordered to file its motion for summary judgment no later than May 10, 2007.

On April 16, 2007, Defendants Person and Providence Group filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Mississippi. By virtue of the automatic stay imposed by 11 U.S.C. 362, such filings have stayed this proceeding with respect to Person and Providence Group. However, this proceeding is not stayed against Providence

Investment because it has not filed for bankruptcy protection.

Plaintiff Stearns filed this Motion for Summary Judgment on May 10, 2007, seeking judgment only against Providence Investment as Guarantor of the Loan made to Providence Group. To date, Providence Investment has failed to respond to Plaintiff's Motion for Summary Judgment.

## II. Standard of Review

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Although this Court cannot grant summary judgment simply because there is no opposition to the motion, Hibernia National Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir.1985), the Court may accept as undisputed the movant's version of the facts and grant the motion where the movant has made a prima facie showing of its entitlement to summary judgment. Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir.1988).

### III. Discussion

A.   Guarantor Liability

As summary judgment evidence, Plaintiff presented the Loan Agreement executed by Providence Group, and the two Guaranties – one executed by Person and the other by Providence Investment. These documents evidence that the Loan matured on August 15, 2006. Thereafter, Providence Group failed to make payments and defaulted on the Loan. Providence Investment's executed Guaranty plainly states it is absolute and unconditional and remains in full force for as long as the Loan remains unpaid. Quoting the Guaranty in relevant part:

> CONTINUING UNLIMITED GUARANTY. For good and valuable consideration, Providence Investment Corporation ("Guarantor") absolutely and unconditionally guarantees and promises to pay Stearns Bank National Association ("Lender") or its order, . . . the Indebtedness . . . of The Providence Group, Inc. ("Borrower") to Lender on the terms and conditions set forth in this Guaranty. Under this Guaranty, the liability of Guarantor is unlimited and the obligations of Guarantor are continuing.

As to attorneys' fees, the Guaranty reads as follows:

> ATTORNEY'S FEES; EXPENSES. Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement.

4

Providence Investment has presented no reason to the Court as to why it should not be bound as Guarantor for the full amount of the indebtedness including interest, late charges, and the collection of reasonable attorneys' fees.

As the Defendant Providence Investment has raised no genuine issue of material fact relevant to its guarantor liability on the Loan, this claim is proper for summary judgment resolution, and the Plaintiff is granted judgment in its favor as to Providence Investment's liability under the Loan as a matter of law.

B.   Monetary Damages

Plaintiff Stearns Bank next requests that this Court award a money judgment in the amount of $247,717.68[1] against Providence Investment. This amount was the total principal and interest due on the Loan as of May 8, 2007. By affidavit, Dennis Hanson, Senior Vice President for Stearns Bank National, established that the additional interest accrued at a rate of $58.07 per diem. The Loan and the Guaranty specifically provide for the collection of reasonable attorneys' fees and expenses in the event that the Loan is placed in the hands of an attorney for collection and fees incurred in the enforcement of the Guaranty.

Plaintiff has neglected to offer the Court evidence of any principal or interest payments made on the Loan from its inception. The Loan is subject to a variable interest rate that was initially 6.480 percent per annum and has naturally fluctuated over the life of the Loan. Due to the nature of the Loan, additional evidence is needed from the Plaintiff in order for the Court to properly calculate

---

[1]The Complaint requested damages in the amount of $248,466.42 together with accrued interest until paid, plus fees, costs, reasonable attorneys' fees, and expenses incurred and to be incurred by Stearns Bank in connection with this matter.

damages. Further, because the Plaintiff has failed to present the Court any proof of attorneys' fees incurred with respect to this matter, the Court is unable to make a proper determination as to reasonable attorneys' fees owed to Plaintiff Stearns Bank.

Due to the lack of adequate evidence presented to the Court, there is a genuine issue of material fact as the amount of monetary damages owed. Because the Court is not authorized to make factual and credibility determinations, it declines to do so here. For this reason, the motion for summary judgment with regards to the monetary damages is denied.

### IV. Conclusion

The Court finds there is no genuine issue of material fact as to Providence Investment's guarantor liability under the Loan, and therefore, Plaintiff Stearns Bank is GRANTED summary judgment as a matter of law. However, there exists factual issues regarding money damages due and owing Plaintiff Stearns Bank. For this reason, the damages aspect of Stearns' Bank motion for summary judgment is DENIED. A hearing will be held October 17, 2008, on the issue of money damages owed to Stearns Bank National.

A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 13th day of August 2008.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**